JUSTICE GRAY
dissenting.
I respectfully dissent from the opinion of the majority.
The majority opinion strongly implies, without quite saying in so many words, that respondent Maulding’s counsel engaged in “sharp practices” in his handling of this case. I do not disagree. It is my view, however, that in its concern over counsel’s actions and its determination to right a wrong, the majority fails to do an appropriate and precise Rule 60(b)(6), M.R.Civ.R, analysis. The result is a further clouding of a Rule already so murky as to be of little guidance to trial courts and counsel. For this reason, I cannot join in the majority opinion.
In my opinion, an appropriate Rule 60(b)(6) analysis supports setting aside the entry of default judgment on damages by the District Court. It does not allow the setting aside of the earlier default judgment on liability against appellant Hardman.
The critical difference lies in the fact that the challenge to the judgment on liability is grounded on actions of both Hardman himself and Maulding’s counsel which bring it squarely within subsections (1) and (3) of the Rule. The 60-day limitation for motions brought pursuant to those subsections expired on or about January 8, 1992 — 60 days after the default judgment on liability was entered November 8, 1991. The challenge to the default judgment on damages, on the other hand, is a legitimate “any other reason” motion pursuant to Rule 60(b)(6), premised as it is on significant irregularities at the hearing on damages. Therefore, that motion need not have been made within 60 days subsequent to the entry of default judgment on damages on March 19, 1992.
This analysis comports with the majority’s correct statement that a “party is precluded from relief under subsection (6) when the facts or circumstances would bring the case under one of the first five *29 subsections.” Here, motions under subsections (1) and (3) were premised on events relating to the entry of judgment on liability; thus, they were not timely made due to the fact that more than 60 days had elapsed from the time of the liability judgment to the date the motions were made.
The subsection (6) motion, however, was based on different facts and circumstances — those surrounding the hearing on damages and the default judgment entered thereon. These facts and circumstances do not fall within one of the other subsections of the Rule; thus, Hardman is not precluded from relief under subsection (6). This portion of the motion — timely under the “reasonable time” limitation for Rule 60(b)(6) motions — properly can and should be granted.
In addition, the majority’s reliance on dicta from In re Marriage of Castor (1991), 249 Mont. 495, 817 P.2d 665, will haunt this Court and Rule 60(b) practice for a long time to come. In Castor, we stated correctly that relief is afforded under subsection (6) of Rule 60(b) “in extraordinary situations when circumstances go beyond those covered by the first five subsections ....” Unfortunately, we went on to say — both needlessly, under the facts of Castor, and erroneously, in my view — that relief was also available under subsection (6) “when a party in whose favor judgment was entered has acted improperly.” Castor, 817 P.2d at 668. That portion of our statement had no applicability to the case before us; nor, indeed, was it supported by the cases we cited therein.
It is my view that the “when a party in whose favor judgment was entered has acted improperly” criterion for Rule 60(b)(6) applicability is entirely inappropriate. Such considerations clearly come within subsection (3)’s “fraud..., misrepresentation, or other misconduct of an adverse party” language. As such, motions on that basis would be untimely unless brought within 60 days of the judgment. By erroneously including that language within the applicability of subsection (6) of the Rule in Castor, we departed from the fundamental requirement that subsection (6) relief is not available when the facts or circumstances would bring the case under one of the first five subsections and from our appropriate reliance on Wright and Miller. That fundamental requirement will be impossible for us to apply in the future so long as we refuse to say in a straightforward manner that the quoted Castor language was erroneous dicta. Having joined in the Castor opinion, I am willing to admit my error; I wish that the majority would see fit to do the same in order that the salutary purposes of Rule 60(b) can continue to be met.
*30 Finally, the majority appears to “believe” that Maulding’s counsel violated Rule 3.3 of the Rules of Professional Conduct. If the majority is sincere in this belief, it appears to me that the Canons of Judicial Ethics may require it to refer the matter to the Commission on Practice. Absent such a referral, I question whether statements about violations of the Rules of Professional Conduct have an appropriate place in our decisions.
I would reverse only the denial of Hardman’s Rule 60(b)(6) motion and remand for further proceedings on damages. While this result might not be entirely “fair” to Hardman’s insurer, it would preserve the integrity of Rule 60(b) and provide appropriate and necessary guidance to practitioners and trial courts.